IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
*Orlando Division*

In re

**DUANE WOODMAN**

*Petitioner/Plaintiff*

Case No.

**6:13-bk-10272-CCJ**

---

Duane Woodman

*Plaintiff,*

vs.

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WF1**

*Defendant.*

_____/

Adversary Case No.:

**6:14-ap-00039-CCJ**

## PLAINTIFF'S OBJECTION TO "DEFENDANT'S MOTION TO DISMISS"

Comes now, **Duane Woodman** ("Plaintiff"), and OBJECTs to "DEFENDANT'S MOTION TO DISMISS" in regard to Plaintiff's Adversary Complaint against U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WF1 (herein after "U.S. Bank") and states:

### ARGUMENT

Plaintiff notices the Court that Defendant is once again arguing the same improper issue as found in their "SECOND POST-JUDICIAL SALE MOTION FOR RELIEF FROM STAY OR IN THE ALTERNATIVE REQUEST FOR ADEQUATE PROTECTION (FILED UNDER NEW GROUNDS)" requesting an improper Relief from Stay and Plaintiff states:

1. In regard to Defendant's flawed reliance on Florida Law Statute §695.01, Plaintiff states that said **Statute is not applicable** because Defendant is not the Holder in Due Course;

2. Additionally, the Statute states in the elements of a **Holder in Due Course** that it must be a bona fide **PURCHASER FOR VALUE** and "without notice". Defendant did not purchase the note for value, therefore Defendant is not a bona fide "PURCHASER FOR VALUE";

3. Additionally, Defendant did indeed have notice as Defendant was noticed and has known for years that Plaintiff was a Tenant, which makes **<u>Florida Law Statute §695.01 inapplicable in this case</u>**; Defendant received notice on several occasions and was well aware that Plaintiff had been living in the property for several years;

4. The matter is currently in the jurisdiction of the Appeal Court, and as such, this Motion is improper;

5. On or about May 15th, 2014, Plaintiff was denied **Substantive** Due Process of Law when Plaintiff's Adversarial Hearing which was on schedule to be heard, was not heard. On the record the Judge said there were two hearings to be held that day, the first, an evidentiary hearing and the second an adversarial hearing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff/Petitioner respectfully prays for relief from the court, and states as follows:

1. That the court Dismiss or Strike the improper DEFENDANT'S MOTION TO DISMISS;

2. That the court award the Plaintiff costs and reasonable costs of defense or attorney fees as provided by 15 U.S.C. 1640(a);

3. That the court require Defendant to cover all costs of Plaintiff's improper OBJECTION as incurred in this action; and

4. For all such other and further relief, in law or in equity, as the court may deem just and proper.

Respectfully Presented,                                          On this 15th day of September, 2014

*[signature]*
**Duane Woodman**, *Petitioner / Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing:

## OBJECTION TO DEFENDANT'S MOTION TO DISMISS

has been filed with the court, and that I have been furnished it, by fax, and/or electronic transmission, and/or regular U.S. Mail to all parties listed below on this 15th day of September, 2014.

by: _____
**Duane Woodman**, *Petitioner / Plaintiff*

To:

**Ronald R. Wolfe & Associates, P.L.**
Post Office Box 25018
Tampa, FL 33622-5018

**Laurie K. Weatherford,** *Trustee*
Post Office Box 3450
Winter Park, FL 32790