## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

*Orlando Division*

**FILED**

**MAY -8 2015**

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

In re

**DUANE WOODMAN**

*Petitioner/Plaintiff*

Case No.:  **6:13-bk-10272-CCJ**

_____

Duane Woodman

Adversary No.:  **6:14-ap-00039-CCJ**

*Plaintiff,*

vs.

**U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR J.P. MORGAN
MORTGAGE ACQUISITION TRUST 2006-WF1**

*Defendant.*

_____/

## NOTICE OF FILING

COMES NOW, Duane Woodman, and notices the court of the filing of the following into the above entitled case:

1. AFFIDAVIT OF TRUTH AND FACT;

2. Exhibit A -  Supreme Court Syllabus and Opinion re: Jesinoski v. Countrywide Home Loans;

3. Exhibit B -  NOTICE OF RESCISSION, *February 5, 20009*;

4. Exhibit C -  SECOND NOTICE OF RESCISSION, *March 31, 2009*;

5. Exhibit D -  THIRD NOTICE OF RSCISSION, *April 5, 2009*;

6. Exhibit E -  NOTICE OF PREVIOUS MAILINGS OF 3 TILA RESCISSION LETTERS
    *November 6, 2009;*

7. Exhibit F – NOTICE of RIGHT to CANCEL  *February 10, 2010;*

8. Exhibit G – NOTICE OF REVOCATION OF POWER OF ATTORNEY  *February 10, 2010;*

**Duane Woodman**, *Petitioner / Plaintiff*

*Page 1  of 2*

.........................……..…….. CERTIFICATE OF SERVICE .........................……..

I HEREBY CERTIFY that copies of the foregoing document entitled:

**NOTICE OF FILING**

has been furnished by standard U.S. Mail to all parties listed below, on this 8th day of May, 2015.

**Ronald R. Wolfe & Associates, P.L.**
Post Office Box 25018
Tampa, FL  33622-5018

by: _____
**Duane Woodman**, *Petitioner / Plaintiff*

# AFFIDAVIT

## of Truth and Fact, by Arlette de Andrade

State of Florida    )
                  ) *ss*
County of Osceola   )

I, **Arlette de Andrade**, am of the age of majority, am competent to testify, have first-hand knowledge of the facts stated herein, and believe the facts stated herein to true, correct, and complete, to the best of my knowledge, and if called upon to testify, will testify to the same, as follows:

1. On Jan 13, 2015, in ***Jesinoski vs. Countrywide***, the United States Supreme Court unanimously decided in favor of the homeowner/"borrower(s)" regarding Jesinoski's Rescission pursuant to the Truth in Lending Act ("TILA"),  *( see Exhibit A - 7 pages )*;

2. On February 5, 2009, Affiant mailed the first (1st) Notice of Rescission to the Lender, Wells Fargo Bank, N.A., in which Affiant rescinded her loan, *( see Exhibit B - 2 pages )*;

3. On March 31, 2009, after not receiving any acknowledgment or response from Lender, Wells Fargo Bank from the first mailing, Affiant sent a second (2nd) copy of her Notice of Rescission, to Wells Fargo Bank, N.A., *( see Exhibit C - 2 pages )*;

4. Once again, on April 5, 2009, after not receiving any acknowledgment or response from Lender, Wells Fargo Bank from the first two mailings, Affiant sent a third (3rd) updated version of her Notice of Rescission, and mailed it to both the Lender, Wells Fargo Bank, N.A., and to the Servicer, Wells Fargo Home Mortgage, *( see Exhibit D - 2 pages )*;

5. Again, on November 6, 2009, Affiant sent a fourth (4th) letter, entitled Notice of Previous Mailings of 3 TILA Rescission Letters, to both the Lender, Wells Fargo Bank, NA, and to the Servicer, Wells Fargo Home Mortgage, *( see Exhibit F - 4 pages )*;

6. Finally, on February 10, 2010, believing that perhaps she had not done the previous rescissions properly, Affiant prepared an updated fourth (4th) and final notice of Rescission and sent it to both the Lender, Wells Fargo Bank, NA, and to the Servicer, Wells Fargo Home Mortgage, which included two (2) documents as follows:

   a.  Notice of Rescission,

   b.  Notice of Revocation of Power of Attorney,

      *( see Exhibit F, Exhibit G )*;

7. Affiant later learned that Affiant needed to have sent only <u>one</u> TILA Rescission letter for her Rescission to be in compliance with the TILA law;

8. Affiant noticed the Lender, Wells Fargo Bank, NA, on four (4) different occasions, but each time they DID NOT comply or respond within the twenty (20) days, as required by TILA's "lender compliance" that requires the Lender to:

   a. Return the cancelled Note and Mortgage;

   b. Re-convey (satisfy or release) the mortgage by removing the lien from the subject property;  and to

   c. Return to Affiant all monies paid to the Lender (including down payment, closing costs, principal, and interest, escrow funds, and all mortgage payments I have paid to date);

9. The Lender, Wells Fargo Bank, NA, **DID NOT** file a lawsuit challenging Affiant's Rescission within the twenty (20) allowable days, as mandated by the TILA, after receipt of the four (4) Notices that Affiant sent, and as a result, they waived any defenses they may have had;

10. Affiant declares that pursuant to the TILA, the Note and the Mortgage are cancelled upon the mailing of the Rescission Letter to the Lender;

11. Despite the several notices of Rescission that were sent by Affiant in 2009, unbeknownst to Affiant, she later learned that Wells Fargo Bank, NA, had purportedly sold her Note to a REMIC Trust named J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WF1, and the Trustee of that Trust, U.S. Bank, N.A., initiated a foreclosure action in May of 2009;

12. In January of 2010, Affiant was foreclosed upon and Summary Judgment was entered in favor of U.S. BANK, N.A. AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WF1, notwithstanding Affiant's proper and timely rescission;

13. Affiant hereby declares that neither the Lender, Wells Fargo Bank, NA,  nor the REMIC Trust, U.S. BANK, N.A. AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION TRUST 2006-WF1, had **subject matter jurisdiction** to file a foreclosure lawsuit against Affiant, and that all judgments, decisions, and/or orders made in that regard are **VOID** and **VOIDABLE**, ab initio.

Further Affiant Sayeth Not.

Executed this 8th day of May, 2015,

by: _____

**Arlette de Andrade**, *Affiant*

## NOTARY / JURAT / ACKNOWLEDGMENT

-------------------------------------------------- NOTARY --------------------------------------------------

STATE OF FLORIDA       )
                          ) *ss*
COUNTY OF OSCEOLA   )

On this 8th day of May, of the year 2015, came before me, a notary public in and for Osceola County and in the state of Florida, the Affiant, **Arlette de Andrade,** to oath and attest and affirm that the signature is true, complete, and correct on the foregoing Affidavit of Truth and Fact. **Arlette de Andrade,** the undersigned, who is personally known to me, or upon proper oath and identification, personally came before me, and Duly Affirmed the truth of the foregoing Affidavit in my presence. The Affiant also acknowledged the signing thereof to be her own voluntary act and deed, signing the within instrument in my presence and for the purpose therein stated.

WITNESS my hand and official seal:      *( Seal )*

*Notary Public Signature:*

Print Name: _Monica Olivera_

My Commission ends: _May / 21 / 2015_

____ Personally Known    ✓ Produced Identification

Type of Identification Produced: _1) D536-013-61-662-0_



# Exhibit A

*Syllabus and Opinion of the Court*

## SUPREME COURT DECISION

*on*

## JESINOSKI *et ux.*

*v.*

## COUNTRYWIDE HOME LOANS, INC., *et al*

### RE: TILA RESCISSION

( 7 Pages )

## Exhibit A

(Slip Opinion)          OCTOBER TERM, 2014                    1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States* v. *Detroit Timber & Lumber Co.*, 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## JESINOSKI ET UX. *v.* COUNTRYWIDE HOME LOANS, INC., ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 13–684.   Argued November 4, 2014—Decided January 13, 2015

Exactly three years after borrowing money from respondent Country-
wide Home Loans, Inc., to refinance their home mortgage, petitioners
Larry and Cheryle Jesinoski sent Countrywide and respondent Bank
of America Home Loans, which had acquired Countrywide, a letter
purporting to rescind the transaction.  Bank of America replied, re-
fusing to acknowledge the rescission's validity.  One year and one day
later, the Jesinoskis filed suit in federal court, seeking a declaration
of rescission and damages.  The District Court entered judgment on
the pleadings for respondents, concluding that a borrower can exer-
cise the Truth in Lending Act's right to rescind a loan, see 15 U. S. C.
§1635(a), (f), only by filing a lawsuit within three years of the date
the loan was consummated.  The Jesinoskis' complaint, filed four
years and one day after the loan's consummation, was ineffective.
The Eighth Circuit affirmed.

*Held*: A borrower exercising his right to rescind under the Act need only
provide written notice to his lender within the 3-year period, not file
suit within that period.  Section 1635(a)'s unequivocal terms—a bor-
rower "shall have the right to rescind . . . *by notifying the creditor . . .
of his intention to do so*" (emphasis added)—leave no doubt that re-
scission is effected when the borrower notifies the creditor of his in-
tention to rescind.  This conclusion is not altered by §1635(f), which
states *when* the right to rescind must be exercised, but says nothing
about *how* that right is exercised.  Nor does §1635(g)—which states
that "in addition to rescission the court may award relief . . . not re-
lating to the right to rescind"—support respondents' view that rescis-
sion is necessarily a consequence of judicial action.  And the fact that
the Act modified the common-law condition precedent to rescission at

2        JESINOSKI *v.* COUNTRYWIDE HOME LOANS, INC.

### Syllabus

law, see §1635(b), hardly implies that the Act thereby codified rescission in equity.  Pp. 2–5.

729 F. 3d 1092, reversed and remanded.

SCALIA, J., delivered the opinion for a unanimous Court.

Cite as: 574 U. S. ____ (2015)

1

Opinion of the Court

NOTICE: This opinion is subject to formal revision before publication in the
preliminary print of the United States Reports.  Readers are requested to
notify the Reporter of Decisions, Supreme Court of the United States, Wash-
ington, D. C. 20543, of any typographical or other formal errors, in order
that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 13–684

## LARRY D. JESINOSKI, ET UX., PETITIONERS *v.* COUNTRYWIDE HOME LOANS, INC., ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE EIGHTH CIRCUIT

[January 13, 2015]

JUSTICE SCALIA delivered the opinion of the Court.

The Truth in Lending Act gives borrowers the right to rescind certain loans for up to three years after the transaction is consummated.  The question presented is whether a borrower exercises this right by providing written notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses.

On February 23, 2007, petitioners Larry and Cheryle Jesinoski refinanced the mortgage on their home by borrowing $611,000 from respondent Countrywide Home Loans, Inc.  Exactly three years later, on February 23, 2010, the Jesinoskis mailed respondents a letter purporting to rescind the loan.  Respondent Bank of America Home Loans replied on March 12, 2010, refusing to acknowledge the validity of the rescission.  On February 24, 2011, the Jesinoskis filed suit in Federal District Court seeking a declaration of rescission and damages.

Respondents moved for judgment on the pleadings, which the District Court granted.  The court concluded that the Act requires a borrower seeking rescission to file a lawsuit within three years of the transaction's consum-

2        JESINOSKI *v.* COUNTRYWIDE HOME LOANS, INC.

Opinion of the Court

mation.  Although the Jesinoskis notified respondents of
their intention to rescind within that time, they did not
file their first complaint until four years and one day after
the loan's consummation.  2012 WL 1365751, *3 (D Minn.,
Apr. 19, 2012).  The Eighth Circuit affirmed.  729 F. 3d
1092, 1093 (2013) (*per curiam*).

Congress passed the Truth in Lending Act, 82 Stat. 146,
as amended, to help consumers "avoid the uninformed use
of credit, and to protect the consumer against inaccurate
and unfair credit billing."  15 U. S. C. §1601(a).  To this
end, the Act grants borrowers the right to rescind a loan
"until midnight of the third business day following the
consummation of the transaction or the delivery of the
[disclosures required by the Act], whichever is later, by
notifying the creditor, in accordance with regulations of
the [Federal Reserve] Board, of his intention to do so."
§1635(a) (2006 ed.).*  This regime grants borrowers an
unconditional right to rescind for three days, after which
they may rescind only if the lender failed to satisfy the
Act's disclosure requirements.  But this conditional right
to rescind does not last forever.  Even if a lender *never*
makes the required disclosures, the "right of rescission
shall expire three years after the date of consummation of
the transaction or upon the sale of the property, whichever
comes first."  §1635(f).  The Eighth Circuit's affirmance in
the present case rested upon its holding in *Keiran* v. *Home
Capital, Inc.*, 720 F. 3d 721, 727–728 (2013) that, unless a
borrower has filed a suit for rescission within three years
of the transaction's consummation, §1635(f) extinguishes
the right to rescind and bars relief.

That was error.  Section 1635(a) explains in unequivocal

---

*Following the events in this case, Congress transferred the author-
ity to promulgate rules implementing the Act to the Consumer Finance
Protection Bureau.  See Dodd-Frank Wall Street Reform and Consumer
Protection Act, §§1061(b)(1), 1100A(2), 1100H, 124 Stat. 2036, 2107,
2113.

terms how the right to rescind is to be exercised: It provides that a borrower "shall have the right to rescind . . . *by notifying the creditor, in accordance with regulations of the Board, of his intention to do so*" (emphasis added). The language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years.

Nothing in §1635(f) changes this conclusion. Although §1635(f) tells us *when* the right to rescind must be exercised, it says nothing about *how* that right is exercised. Our observation in *Beach* v. *Ocwen Fed. Bank*, 523 U. S. 410, 417 (1998), that §1635(f) "govern[s] the life of the underlying right" is beside the point. That case concerned a borrower's attempt to rescind in the course of a foreclosure proceeding initiated six years after the loan's consummation. We concluded only that there was "no federal right to rescind, defensively or otherwise, after the 3-year period of §1635(f) has run," *id.*, at 419, not that there was no rescission until a suit is filed.

Respondents do not dispute that §1635(a) requires only written notice of rescission. Indeed, they concede that written notice suffices to rescind a loan within the first three days after the transaction is consummated. They further concede that written notice suffices after that period if the parties agree that the lender failed to make the required disclosures. Respondents argue, however, that if the parties dispute the adequacy of the disclosures—and thus the continued availability of the right to rescind—then written notice *does not* suffice.

Section 1635(a) nowhere suggests a distinction between disputed and undisputed rescissions, much less that a lawsuit would be required for the latter. In an effort to sidestep this problem, respondents point to a neighboring

4        JESINOSKI *v.* COUNTRYWIDE HOME LOANS, INC.

Opinion of the Court

provision, §1635(g), which they believe provides support for their interpretation of the Act. Section 1635(g) states merely that, "[i]n any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind." Respondents argue that the phrase "award relief" "in addition to rescission" confirms that rescission is a consequence of judicial action. But the fact that it can be a consequence of judicial action when §1635(g) is triggered in no way suggests that it can *only* follow from such action. The Act contemplates various situations in which the question of a lender's compliance with the Act's disclosure requirements may arise in a lawsuit—for example, a lender's foreclosure action in which the borrower raises inadequate disclosure as an affirmative defense. Section 1635(g) makes clear that a court may not only award rescission and thereby relieve the borrower of his financial obligation to the lender, but may also grant any of the remedies available under §1640 (including statutory damages). It has no bearing upon whether and how borrower-rescission under §1635(a) may occur.

Finally, respondents invoke the common law. It is true that rescission traditionally required either that the rescinding party return what he received before a rescission could be effected (rescission at law), or else that a court affirmatively decree rescission (rescission in equity). 2 D. Dobbs, Law of Remedies §9.3(3), pp. 585–586 (2d ed. 1993). It is also true that the Act disclaims the common-law condition precedent to rescission at law that the borrower tender the proceeds received under the transaction. 15 U. S. C. §1635(b). But the negation of rescission-at-law's tender requirement hardly implies that the Act codifies rescission in equity. Nothing in our jurisprudence, and no tool of statutory interpretation, requires that a

congressional Act must be construed as implementing its closest common-law analogue. Cf. *Astoria Fed. Sav. & Loan Assn.* v. *Solimino,* 501 U. S. 104, 108–109 (1991). The clear import of §1635(a) is that a borrower need only provide written notice to a lender in order to exercise his right to rescind. To the extent §1635(b) alters the traditional process for unwinding such a unilaterally rescinded transaction, this is simply a case in which statutory law modifies common-law practice.

\*     \*     \*

The Jesinoskis mailed respondents written notice of their intention to rescind within three years of their loan's consummation. Because this is all that a borrower must do in order to exercise his right to rescind under the Act, the court below erred in dismissing the complaint. Accordingly, we reverse the judgment of the Eighth Circuit and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

# Exhibit  B

*First  ( 1st )*

# NOTICE OF RESCISSION

*dated*

February 5, 2009

*( plus record of mailing )*

( 2 Pages )

# Exhibit  B

*From:* **Arlette de Andrade**                    February 5, 2009
2344 Pleasant Hill Road
Kissimmee, Florida 34746


*To:*    WELLS FARGO BANK, NA
1 Home Campus
Des Moines, Iowa 50328


RE:    Mortgage Loan Account No. **0151571536**, dated April 7, 2006,  for the subject property
located at: 2344 Pleasant Hill Road, Kissimmee, Florida in the county of Osceola, Florida;
"Lender" is WELLS FARGO BANK, N.A., and "Borrower" is Arlette deAndrade.

# NOTICE OF RESCISSION

To WELLS FARGO BANK, NA:

I am writing to inform you that I have been very concerned about the extensive delays and your organization's lack of response to my many inquiries and numerous requests to obtain more information regarding my loan, rate reduction, escrow account, and servicing, but to date, after waiting over 6 weeks, I have received no responses whatsoever. I just can't seem to get any assistance.

Consequently, pursuant to TILA, 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23, I WISH TO RESCIND, and am now hereby exercising my right to rescind the mortgage transaction as identified by my above-referenced mortgage loan account number 0151571536 as to date, I have not timely received the proper disclosures as required by law.

Pursuant to TILA and Regulation Z, you have twenty (20) days after receipt of my Notice of Rescission to return all of the monies I have paid, and you are required to terminate the security interest on my property.

Under 15 USC § 1635(b), the mortgage is automatically voided by operation of law upon rescission As a result, my mortgage cannot be negatively reported to any credit reporting agency and doing so would be a clear violation of the TILA law as well as the Fair Credit Reporting Act, 15 U.S.C. § 1681a, et seq.

I am requesting that you please contact me, in writing, to make arrangements for the return of my mortgage documents. Also, please provide me with several options of a time an place that we can meet for the delivery and return to me of all the monies I have paid under the mortgage. These funds would include all closing costs, down payment, principal, and interest, escrow funds, and all mortgage payments I have made to date. I will also require written, certified confirmation that my mortgage has been voided or released by you, and that there will be no negative information reported to the credit bureaus in regard to my mortgage loan.

*Sincerely,*

*By:*  _____

**Arlette de Andrade,** *All Rights Reserved*



# Exhibit B -
# Record of
# Mailing

WELLS FARGO BANK, N
1 Home Campus
Des Moines, Iowa 50328

Arlette A. Andrade
2344 Pheasant Trail Rd.
Kissimmee, FL 34746

# Exhibit  C

*Second  ( 2nd )*

# NOTICE OF RESCISSION

*dated*

March 31, 2009

*( plus record of mailing )*

( 2 Pages )

# Exhibit  C

*From:* **Arlette de Andrade**
2344 Pleasant Hill Road
Kissimmee, Florida  34746

*Originally sent:*    February 5, 2009
*Second mailing:*    March 31, 2009

*To:*    WELLS FARGO BANK, NA
1 Home Campus
Des Moines, Iowa  50328

RE:    Mortgage Loan Account No. **0151571536**, dated April 7, 2006, for the subject property
located at: 2344 Pleasant Hill Road, Kissimmee, Florida in the county of Osceola, Florida;
"Lender" is WELLS FARGO BANK, N.A., and "Borrower" is Arlette deAndrade.

## NOTICE OF RESCISSION

To WELLS FARGO BANK, NA:

I am writing to inform you that I have been very concerned about the extensive delays and your
organization's lack of response to my many inquiries and numerous requests to obtain more
information regarding my loan, rate reduction, escrow account, and servicing, but to date, after
waiting over 6 weeks, I have received no responses whatsoever. I just can't seem to get any assistance.

Consequently, pursuant to TILA, 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23, I WISH
TO RESCIND, and am now hereby exercising my right to rescind the mortgage transaction as
identified by my above-referenced mortgage loan account number 0151571536 as to date, I
have not timely received the proper disclosures as required by law.

Pursuant to TILA and Regulation Z, you have twenty (20) days after receipt of my Notice of
Rescission to return all of the monies I have paid, and you are required to terminate the
security interest on my property.

Under 15 USC § 1635(b), the mortgage is automatically voided by operation of law upon
rescission. As a result, my mortgage cannot be negatively reported to any credit reporting agency
and doing so would be a clear violation of the TILA law as well as the Fair Credit Reporting Act,
15 U.S.C. § 1681a, et seq.

I am requesting that you please contact me, in writing, to make arrangements for the return of my
mortgage documents. Also, please provide me with several options of a time an place that
we can meet for the delivery and return to me of all the monies I have paid under the mortgage.
These funds would include all closing costs, down payment, principal, and interest, escrow
funds, and all mortgage payments I have made to date. I will also require written, certified
confirmation that my mortgage has been voided or released by you, and that there will be no
negative information reported to the credit bureaus in regard to my mortgage loan.

*Sincerely,*

*By:* _____

**Arlette de Andrade,** *All Rights Reserved*

# Exhibit C - Record of Mailing

```
==================================
      OAK STREET STA
     N. OAK STREET
        34743-9998

                        01:21:07 PM

      receipt
                        Final
                        Price

                        $.4.


                        $.42

              $  .      $.64

                        $1.26


      USPS
      $.50

      .4963

      FIRST CLASS POSTCARD
      SERVICE 0.
```

# Exhibit  D

*Third  ( 3rd )*

## NOTICE OF TILA RESCISSION

*dated*

April 5, 2009

*( plus record of mailing )*

( 2 Pages )

# Exhibit  D

April 5, 2009

*From:* **Arlette de Andrade**
2344 Pleasant Hill Road
Kissimmee, Florida  34746

*To:* **WELLS FARGO BANK, N.A.**          *cc:* **WELLS FARGO HOME MORTGAGE**
1 Home Campus                              3480 Stateview Boulevard
Des Moines, Iowa  50328                    Fort Mill, SC  29715

RE:    Mortgage Loan Account No. **0151571536**, dated April 7, 2006,  for the subject property
       located at: **2344 Pleasant Hill Road, Kissimmee, Florida** in Osceola County, Florida;
       "Lender" is **WELLS FARGO BANK, N.A.**, and "Borrower" is **Arlette deAndrade**.

# NOTICE  OF  TILA RESCISSION

*Notice to Agent is Notice to Principal - Notice to Principal is Notice to Agent*

To WELLS FARGO BANK, N.A. and WELLS FARGO HOME MORTGAGE ("SERVICER"):

This serves as my third attempt to notice you that I have rescinded my loan numbered **0151571536**,
pursuant to The Truth In Lending Act ("TILA"), and includes but is not limited to the provisions of
15 U.S.C. § 1635, and Regulation Z, 12 C.F.R. § 226.23.  I RESCIND.

I have exercised my right to rescind my mortgage, that is indicated herein as loan account
number 0151571536, due to violations of the TILA law and its provisions, including but not
limited to failure to supply me with all disclosures, and to provide timely and proper notices
under the provisions of the TILA.

Under the TILA, you have twenty (20) days after receipt of this Notice of Rescission to return
all of the monies I have paid to date in regard to this transaction, and you are required to
terminate the security interest on my property.

I am requesting that you please contact me within the required timeframe to make
arrangements for the return of my mortgage documents.  I await your timely response.

*Sincerely,*

*By:* _____

**Arlette de Andrade,** *All Rights Reserved*



# Exhibit D
# - Record
# of Mailing

# Exhibit E

*Notice Sent:*

## NOTICE OF PREVIOUS MAILINGS
## OF 3 TILA RESCISSION LETTERS

*dated*

November 6, 2009

*( plus record of mailing )*

( 4 Pages )

# Exhibit E

*From:* **Arlette de Andrade**                      November 6, 2009
2344 Pleasant Hill Road
Kissimmee, Florida 34746


*To:*    **WELLS FARGO BANK, N.A.**         *cc:*  **WELLS FARGO HOME MORTGAGE**
1 Home Campus                                   3480 Stateview Boulevard
Des Moines, Iowa 50328                          Fort Mill, SC 29715


RE:    Mortgage Loan Account No. **0151571536**, dated April 7, 2006, for the subject property
located at: **2344 Pleasant Hill Road, Kissimmee, Florida** in Osceola County, Florida;
"Lender" is **WELLS FARGO BANK, N.A.**, and "Borrower" is **Arlette deAndrade**.


# NOTICE OF PREVIOUS FILINGS
# OF 3 TILA RESCISSION LETTERS

*Notice to Agent is Notice to Principal - Notice to Principal is Notice to Agent*


To WELLS FARGO BANK, N.A. and WELLS FARGO HOME MORTGAGE ("SERVICER"):

This serves as my fourth attempt to notice you that I have previously sent you three separate mailings
of my notices that I have rescinded my loan numbered **0151571536**, pursuant to The Truth In
Lending Act ("TILA"), and includes but is not limited to the provisions of 15 U.S.C. § 1635, and
Regulation Z, 12 C.F.R. § 226.23. **TAKE NOTICE THAT I HAVE RESCINDED MY LOAN**.

I have exercised my right to rescind my mortgage, that is indicated herein as loan account
number 0151571536, due to violations of the TILA law and its provisions, including but not
limited to failure to supply me with all disclosures, and to provide timely and proper notices
under the provisions of the TILA.

Under the TILA, you have twenty (20) days after receipt of this Notice of Rescission to return
all of the monies I have paid to date in regard to this transaction, and you are required to
terminate the security interest on my property.

I am requesting that you contact the party, U.S. Bank, N.A. that has filed an invalid foreclosure
action and notify them that this loan has been timely and properly rescinded. There has also
never been an assignment on the record that my mortgage and note has ever been transferred to
them. I am also requesting that you please contact me within the required timeframe to make
arrangements for the return of my original mortgage documents within 20 days of receipt of
this letter..

*Sincerely,*

Arlette de Andrade, *All Rights Reserved*

*Enclosures: Three (3) Rescission Letters dated Feb. 5, 2009, March 3, 2009, and April 5, 2009*



U.S. POSTAGE
$0.44

34744
Date of sale
11/06/03
02 1P00
09214615

# Exhibit E -
# Record of
# Mailing

WELLS FARGO BANK, NA
1 Home Campus
Des Moines, Iowa 50328

Alette de Andrade
334 Pleasant Hill Rd.
Kissimmee, FL 34746

# Exhibit  F

*Fourth  ( 4th )*

## Part 1 of 2

## NOTICE OF RIGHT TO CANCEL

*dated*

February 10, 2010

( 3 Pages )

# Exhibit  F

MALCOM THOMPSON OSCEOLA COUNTY, DATE 04/14/2010 09:09:07 AM
FILE # 2010052839 BK 03972 PGS 0697 - 6997 (3pgs)REC FEES 27.00

From: **ARLETTE DEANDRADE**
2344 Pleasant Hill Road
Kissimmee, Florida  [34746]

February 10, 2010
*Sent by Verified/Certified/Registered Mail*
Receipt #: 7009 1680 0000 8757 5425

To: **WELLS FARGO BANK, N.A.**
3480 Stateview Boulevard
Fort Mill, SC  29715

**WELLS FARGO HOME MORTGAGE**
MAC X7801-03K
3480 Stateview Boulevard
Fort Mill, SC  29715

**US BANK, N.A.,**
**AS TRUSTEE FOR J.P. MORGAN**
**MORTGAGE ACQUISITION TRUST 2006-WF1**
425 Walnut St - Suite Front
Cincinnati, OH 45202-3937
800 Nicollet Mall, Minneapolis, MN 55402-7014

**"MERS"**  (Mortgage Electronic
Registration Systems, Inc.)
PO BOX 2026
FLINT, MI 48501-2026

Re:   Original Loan # 0151571836
Property connected to postal service address:
**2344 Pleasant Hill Road., Kissimmee, Florida**  [34746]

Transaction Dated: April 7, 2006

## *Notice of Right to Cancel*

*Notice to Agent is Notice to Principal  -  Notice to Principal is Notice to Agent*

Parties: **ARLETTE DEANDRADE** (a.k.a. Arlette M. DeAndrade), (Alleged Borrower,
hereinafter referred to as **"Borrower"**) – and, **WELLS FARGO BANK, N.A.** (Alleged Lender –
hereinafter referred to as **"Lender"**).

Attention: **WELLS FARGO BANK**, N.A.:

This correspondence is provided to any and all parties to the matter of alleged loan listed
above.  Notice to agent is notice to principal and notice to principle is notice to agent.  This
communication will serve as our official  *Notice of Right to Cancel*  dated **February 10, 2010**.

Accordingly, TILA (Truth in Lending Act, 15 USC §1601 et seq; 12 CFR Part 226) allows three (3)
years to review Disclosure Documents.  The referenced 'Three Day Right to Cancel' period must
be activated in order to commence. That activation is considered to be when the Lender has
provided the Borrower with ALL of the required Disclosures under TILA, and that the same are
true, complete, accurate, and timely provided.

Notice of Right to Cancel

Page 1 of 3

Being as the entire alleged loan/mortgage process and Deed of Trust referenced therein and throughout, was obtained by unconscionable means and wrongful acts of fraud, fraudulent inducement, concealment, and fraudulent misrepresentation, the borrower has other recourse, right, and cause of action, under numerous state and federal statutes. Acts of fraud taint/void everything it touches as the US Supreme Court has declared:

> **"Any false representation of material facts made with knowledge of falsity and with intent that it shall be acted on by another in entering into contract, and which is so acted upon, constitutes 'fraud,' and entitles party deceived to avoid contract or recover damages."**
>
> *- Barnsdall Refining Corn. v. Birnam Wood Oil Co. 92 F 26.*

> **"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments."**
>
> *-  United States vs. Throckmorton, 98 U.S. 61.*

The Lender, to date, has <u>never provided</u> Borrower with true, complete, accurate or timely documents, as required under TILA, as have been requested. **ONLY AFTER** such provision has been completed, can the "Three (3) Day Right To Cancel" period be considered to commence. If the required full Disclosure(s) has(have) not been provided, then the period in which to Cancel is extended for up to three (3) years, OR until Lender moves to foreclose.

The records thus far evidence, that Borrower has requested to cancel within the stipulated three year time period, while still waiting to receive all Truth-in-Lending disclosures as required by Federal Law, the same of which, to date, have never been received.

A close perusal/audit of Borrower's mortgage documents has revealed certain Disclosure Violations; and, that the Borrower has the remedial right and remedy, inter alia, to invoke their Right of Rescission (ROR) as further evidenced by the original "Notice of Right to Cancel". You will also please find Borrower's signed and dated **NOTICE** to the Lender(s), Successor(s) and Beneficiary as stated on the "Notice of Right to Cancel", if provided in the loan package. If such Notice was not provided, <u>**this written Notice of communication is provided in lieu thereof**</u>.

After sufficient NOTICE has been given to Lender, the Lender is required by Federal Law to CANCEL any lien(s) and to CANCEL any security interest on the Borrower's home within twenty (20) days. The Lender must also return any money, interest, fee, and/or property to Borrower, as well as any money/funds given to any persons or other fiction in law/entity in connection with said transaction.

In accordance with both State and Federal law, or until the Lender complies, Borrower may retain the proceeds of the transaction. If it should be 'impractical' or 'unfair' for the Borrower to return the property when gross discrepancies, fraud, or other wrongful acts are discovered - then he/she/they may offer its 'Reasonable Value'.

**Notice of Right to Cancel**                                                                 **Page 2 of 3**

In the event the Lender should fail or refuse to take possession of the property or return the borrower's money offer within twenty (20) days, **Borrower** may then regain/acquire all rights to clear title and re-conveyance under Federal Law and provisions of TILA.

Additionally, Borrower/s has the right to offer Lender a Reasonable Value. However, the penalty that a bank can face for violations of TILA and other State and Federal law can be as much as triple damages, i.e., triple the amount of the interest the bank stood to fraudulently make off of the mortgage/loan transaction. Therefore, the Borrower/s hereby, in good faith, make/s the following offer: Borrower/s will forgive **WELLS FARGO BANK**, N.A., any liability incurred by its wrongful actions, provided **WELLS FARGO BANK**, N.A rightfully forgive Borrower/s the full amount of mortgage/credit you fraudulently allege to have given. In addition, Borrower/s make/s the one time demand of $ **150,000.00** for any loss, damage, and injury they have sustained; and, that **WELLS FARGO BANK**, N.A. also immediately and permanently remove any and all negative comments on Borrower/s' credit reports attributed to this transaction.

Additionally, the Borrower/s reserves the right to pursue remedies and damages caused by the alleged Lender, which may have occurred in the past, or that may occur in the future from this transaction when determined to be fraudulent. Also, Borrower hereby seizes any and all rights previously conveyed and/or granted to "Lender" by any and all instruments, including but not limited to document entitled "MORTGAGE".

Any default, failures, or non-compliance on the Lender's part to perform as herein directed within seven (7) days of receipt shall constitute this Notice of Right to Cancel as valid and fully agreed/accepted pursuant to the terms and conditions as set forth herein and throughout.

Sincerely,

_____
**Authorized Agent**
2344 Pleasant Hill Road, Kissimmee, Florida  [34746]

Notary _Diane M. Ortiz_ 02-10-2010 Seal



# Exhibit  G

*Fourth  ( 4th )*

## Part 2 of 2

## NOTICE OF REVOCATION
## OF POWER OF ATTORNEY

*dated*

February 10, 2010

( 2 Pages )

# Exhibit  G

MALCOM THOMPSON OSCEOLA COUNTY, DATE 02/16/2010 04:27:16 PM
FILE # 2010022538 BK 03950 Pgs 0472 - 473; (2pgs)REC FEES 18.50

FROM:
Mail all correspondence to:

**ARLETTE DEANDRADE**
2344 Pleasant Hill Road
Kissimmee, Florida [34746]

February 10, 2010

Sent by Verified/Certified/Registered Mail
Receipt #: *7009 1680 0000 8757 3449*
*7009 1680 0000 8757 8463*

To: **WELLS FARGO BANK, N.A.**
3480 Stateview Boulevard
Fort Mill, SC 29715

**WELLS FARGO HOME MORTGAGE**
MAC X7801-03K
3480 Stateview Boulevard
Fort Mill, SC 29715

**US BANK, N.A.,**
**AS TRUSTEE FOR J.P. MORGAN**
**MORTGAGE ACQUISITION TRUST 2006-WF1**
425 Walnut St - Suite Front
Cincinnati, OH 45202-3937
800 Nicollet Mall, Minneapolis, MN 55402-7014

**"MERS"** (Mortgage Electronic
Registration Systems, Inc.)
PO BOX 2026
FLINT, MI 48501-2026

Re: Original Loan # 0151571536
Property connected to postal-service address:
**2344 Pleasant Hill Road., Kissimmee, Florida [34746]**

Transaction Dated: April 7, 2006

# NOTICE OF
# REVOCATION OF POWER OF ATTORNEY

I, **ARLETTE DEANDRADE**, DO HEREBY DECLARE:

**That,** due to the discovery of various elements of fraud, fraudulent inducement, fraudulent misrepresentation, entrapment, and nondisclosure resulting in the deprivation of our property by WELLS FARGO BANK, N.A., and/or by any of its agents and/or assignees; and, after a recent review/audit and a close perusal of the purported Loan, Mortgage/Note, Trust Deed, and Security Agreement records - We, I, **ARLETTE DEANDRADE** do hereby refuse to knowingly accept, or otherwise participate in ANY part of fraud and other wrongful actions involving the purported Promissory Note/Security Instrument/Trust Deed; and, further do hereby revoke, rescind, and terminate all our signatures relating to any/all said deeds, notes, and agreements from their inception.

**Furthermore, I, ARLETTE DEANDRADE,** do hereby revoke, terminate, and rescind all Powers of Attorney, in fact or otherwise, previously assigned by us, express or implied in law, by trust or otherwise, with or without my consent and/or knowledge, as such pertains to any property, real or personal, promissory note, deed of trust and/or mortgage signed on the date of April 7, 2006 or otherwise, under any and all Deed of Trusts that may have been created and/or recorded, involving the property specifically addressed and identified as street address.

Notice of Revocation of Power of Attorney - Arlette DeAndrade

Page 1 of 2

**Additionally, I, ARLETTE DEANDRADE,** do hereby revoke, terminate, and rescind any and all Trust Agreements, express or implied, known or unknown, and/or recorded, involving the property specifically addressed and identified as street address.

Any failure to respond to this notice, or default, failures, or non-compliance on the Lender's part to acknowledge, respond, or perform as herein directed within seven (7) days of receipt of this Notice shall constitute this Notice of Revocation of Power of Attorney as valid, and fully agreed/accepted pursuant to the terms and conditions as set forth herein and throughout, and will result in full completion of this transaction.

Sincerely,


_____          Date  FEB. | 10 | 2010
Authorized Agent   Arlette de Andrade


**JURAT**

**Florida State**

**Osceola County**

Subscribed and sworn to (or affirmed) before me on this _10_ day of _FEBRUARY_,

20_10_, by _DIANE M. ORTIZ_____, proved to me on the basis of satisfactory

evidence to be the person(s) who appeared before me.


Signature_Diane M. Ortiz_____ (seal)

DIANE M. ORTIZ
Notary Public - State of Florida
My Comm. Expires Dec 28, 2013
Commission # DD 946691
Bonded Through National Notary Assn.